**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4310**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FIDEL RODRIGUEZ,

Defendant - Appellant.

**No. 14-4317**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

YIDA PEREZ,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:13-cr-00157-REP-1; 3:13-cr-00157-REP-2)

Submitted: December 16, 2014      Decided: January 6, 2015

Before GREGORY, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

————————————

Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill, Assistant Federal Public Defender, Richmond, Virginia; Samuel P. Simpson, V, SAMUEL P. SIMPSON, V, PLLC, Richmond, Virginia, for Appellants. Dana J. Boente, United States Attorney, Samuel E. Fishel, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, the district court found Fidel Rodriguez and Yida Perez guilty of four counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) (2012). The court sentenced the Appellants to the statutory mandatory minimum of 180 months of imprisonment and they now appeal. For the reasons that follow, we affirm.

The Appellants first challenge the sufficiency of the evidence to support the convictions. We review de novo a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks omitted). We have thoroughly reviewed the record and the relevant legal

3

authorities and conclude that there was sufficient evidence to support the verdicts of guilt.

The Appellants also challenge the district court's rejection of their challenge to the mandatory minimum sentence as grossly disproportionate to the offenses based on the circumstances. "We review de novo constitutional claims, including whether a sentence is proportional under the Eighth Amendment." United States v. Dowell, 771 F.3d 162, 167 (4th Cir. 2014) (citing United States v. Myers, 280 F.3d 407, 416 (4th Cir. 2002)). In determining whether a sentence is disproportionate to an offense, and thus cruel and unusual, courts consider objective criteria, including the gravity of the offense and harshness of the penalty, the sentences imposed on other criminals in the same jurisdiction, and the sentences imposed for the same offense in other jurisdictions. Dowell, 771 F.3d at 167.

"In the context of an as-applied challenge, the [Supreme] Court has explained that the narrow proportionality principle of the Eighth Amendment does not require strict proportionality between crime and sentence, but forbids only extreme sentences that are grossly disproportionate to the crime." United States v. Cobler, 748 F.3d 570, 575 (4th Cir.), cert. denied, 135 S. Ct. 229 (2014) (internal quotation marks omitted). Moreover, in a challenge to a sentence of a term of

4

years, an extensive proportionality analysis is not required and challenges to "lesser sentences that are clearly within the prerogative of Congress and subject to imposition by a district court may be disposed of swiftly." Id. at 578-79 (internal quotation marks omitted). We conclude that the district court correctly determined that the mandatory minimum sentence is not grossly disproportionate to the offenses.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED